# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 25-411** |
| RICHARD DISTEFANO | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant DiStefano violated the trust of his organization, committed a brazen theft of valuable items, and left a stain on the legal profession. It is inexcusable that a lawyer would steal valuable coins from his own organization to fund his lifestyle and pay for his children's education. Almost everyone experiences economic hardship. Defendant DiStefano didn't use his legal skills to remedy his problem. He didn't try to work. Instead, he stole more than a million dollars' worth of coins from a historic society here in Philadelphia. For these reasons, as well as for the reasons provided below, the government recommends a sentence of incarceration within the advisory guideline range of 24-30 months, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum**.**

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

---

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the
*continued* . . .

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

I.      **BACKGROUND**

On September 17, 2025, the United States Attorney's Office for the Eastern District of Pennsylvania filed a one-count Information charging the defendant, Richard DiStefano, with bank larceny, in violation of 18 U.S.C. § 2113(b). A Notice of Forfeiture accompanied the Information. On September 30, 2025, the defendant appeared before the Honorable Timothy J. Savage, waived prosecution by Indictment, and pled guilty to Count 1 of the Information, pursuant to a written guilty plea agreement.

---

Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

II.     **SENTENCING CALCULATION**

    A.     **Statutory Maximum Sentence.**

The maximum sentence that may be imposed on the defendant is, Count One, bank larceny, 10 years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment.

    B.     **Sentencing Guidelines Calculation.**

The Probation Office correctly calculated the defendant's advisory guideline range as follows:

The defendant has 0 criminal history points from previous convictions. PSR ¶ 46. The defendant's 0 criminal history points place him in a criminal history category I. PSR ¶ 47.

The base offense level is 6. PSR ¶ 34. The stolen coins were appraised and valued at $1,642,374.00. Since the loss exceeded $1,500,000.00, but was less than $3,500,000.00, 16 levels are added. USSG 2B1.1(b)(1)(I). PSR ¶ 35. The defendant qualifies for the "Zero-Point Offender," provision which results in a reduction by two levels. PSR ¶ 40. The defendant receives a three-point reduction for acceptance of responsibility. PSR ¶ 41-42. This results in a total offense level of 17. PSR ¶ 43. With a criminal history category I and an offense level of 17, the advisory guideline range is 24 to 30 months. PSR ¶ 106.

III.    **ANALYSIS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting

*Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original).

"Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

A.    **Consideration of the 3553(a) Factors.**

**The nature and circumstances of the offense and the history and characteristics of the defendant.**

For years defendant DiStefano was trusted with the care and control of valuable coins for the storied society of which he was a member. He was one of the few people that was granted access to the safety deposit box where they were stored. Over the course of years, the defendant took out the coins and sold them at various auction houses (often at a reduced price) in order to pay his expenses. He could have tried to earn money through his profession, an attorney. Instead,

he stole. When he was finally confronted by the FBI about his crimes he did confess and has also plead to an Information.

The defendant had a good childhood, is married and has three children. He had a legitimate profession and was a member of multiple prestigious societies. It is confounding why he chose this path. He appears to have fallen on hard economic times, but this is little excuse for the crime that he committed. The society still does not have their coins back. It is a prestigious collection that took years to build. There is a good chance it will never be fully recovered.

2.     **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

A lawyer should receive a guideline sentence. Someone in the legal profession, who breaks the law, cannot seriously say that they do not deserve a guideline sentence. DiStefano had no respect for the law. It is offensive that a barred attorney was stealing, for years, and selling the stolen goods to pay for his lifestyle. Thankfully it is hard to go without work as a lawyer. The profession is still constantly in demand and good high paying jobs are common. Instead of pursuing honest work, the defendant took the easy route. When he was finally confronted about this crime he himself acknowledged that what he did was illegal. He must now also accept the punishment for that crime.

3.     **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

Both specific and general deterrence are at play here. The defendant, astonishingly, needs to be reminded that he cannot commit crimes. A guideline sentence will certainly accomplish this goal. General deterrence may be more important here. It cannot be the case that a well-off lawyer receives a below guideline sentence when so many others do not. There is really little in the way of mitigation in this case. The defendant just wanted money so he stole it. In violation of

the trust bestowed on him by the society and by the legal profession.

4. **The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

There does not appear to be a reason to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D).

5. **The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

A guideline sentence will not result in any sort of disparity.

## IV. CONCLUSION

The government's final recommendation regarding sentencing appears in the sealed attachment.

Respectfully submitted,

DAVID METCALF
Acting United States Attorney


*/s Jason D. Grenell*
JASON D. GRENELL
Assistant United States Attorney

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that this Sentencing Memorandum has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

William Brennan, Esquire
1600 Locust Street
Philadelphia, PA 19103
215-568-1400
brennanlaw@philadelphiacriminallaw.com

/s Jason D. Grenell
JASON D. GRENELL
Assistant United States Attorney

DATED:  April 23, 2026.