**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **RICHARD DISTEFANO** | : | **NO. 25-411** |

## ORDER OF FORFEITURE

**NOW**, this 12th day of May, 2026, upon consideration of the Government's Motion for Judgment and Preliminary Order of Forfeiture (Doc. No. 16), it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.      As a result of defendant's guilty plea, the defendant is required to forfeit criminally his interest in any property that constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's commission of the offenses to which he has pled guilty.

2.      All property that constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's commission of the offenses to which he has pled guilty, is forfeited to the United States.

3.      The sum of **$633,910.33** represents the value of property that constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's commission of the offenses to which he has pled guilty.

4.      The defendant shall forfeit to the United States the **$633,910.33** in proceeds that he obtained as a result of his commission of the offenses to which he has pled guilty, pursuant to 21 U.S.C. § 853, and Federal Rule of Criminal Procedure 32.2(b)(2).

5.	A money judgment in the amount of **$633,910.33** is entered against the defendant.

6.	Because the defendant has dissipated or otherwise spent the proceeds he obtained and the United States cannot locate the proceeds upon the exercise of due diligence, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment, pursuant to 21 U.S.C. § 853(p).

7.	Pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), the government may move at any time to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment.

8.	Upon entry of this Order, the Attorney General or his designee, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims.

9.	Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

10.	Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

11.     The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

           /s/ Timothy J. Savage
TIMOTHY J. SAVAGE, J.